UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER PAZ, an individual,<br><br>    Defendants. | Case No. C12-1485RSL<br><br>DEFAULT JUDGMENT |

This matter comes before the Court on plaintiff's "Motion for Default Judgment" (Dkt. # 7). Plaintiff alleges that defendant fraudulently enrolled Sofia Sarai Diaz-Aleman in the plaintiff's program of health and welfare benefits, the Employee Painters' Trust Health and Welfare plan ("Plan"), by falsely claiming Ms. Diaz-Aleman to be his wife. Dkt. #1. In the complaint, plaintiff requested restitution of losses plaintiff sustained in the amount of $13,523.51, pre-judgment and post-judgment interest, and attorney's fees and costs under ERISA. Id. at 8. Although defendant Paz was served with the summons and complaint on September 20, 2012, Dkt. # 4, he has not responded. Default was entered against him on October 15, 2012. Dkt. # 6.

Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability. See TeleVideo Sys., Inc. v. Heidenthal, 826

DEFAULT JUDGMENT

1  F.2d 915, 917-18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978);
2  Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir.
3  1983).  The court need not make detailed findings of fact as long as the allegations contained in
4  the pleadings are sufficient to establish liability.  Fair Hous. of Marin v. Combs, 285 F.3d 899,
5  906 (9th Cir. 2002).  Because plaintiff's claim of damages is liquidated, judgment by default
6  may be entered without a damages hearing.  See Microsoft Corp. v. Nop, 549 F. Supp.2d 1233,
7  1235 (E.D. Cal. 2008).

     Having reviewed the allegations of the complaint and the memorandum and declarations submitted by plaintiff, the Court finds as follows:

A.  Restitution for Losses

     Plaintiff seeks reimbursement of the $13,523.51 that it wrongfully paid out due to the defendant's fraudulent enrollment of Ms. Diaz-Aleman in the Plan.  In support of this amount, plaintiff presents the billing statement report for Sofia Diaz-Aleman from January 2008 through April 2011.  Dkt. # 7-1 ¶ 26, Ex. F.  The Court finds that plaintiff is entitled to recover this amount.

B.  Prejudgment Interest

     Plaintiff seeks prejudgment interest at the rate in effect at the time the benefit was paid as prescribed by 28 U.S.C. § 1961.  Dkt. # 7 at 12-13.  Whether to award prejudgment interest to an ERISA plaintiff is "a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities."  Landwehr v. DuPree, 72 F. 3d 726, 739 (9th Cir. 1995) (quoting Shaw v. International Ass'n of Machinists &Aerospace Workers Pension Plan, 750 F.2d 1458, 1465 (9th Cir. 1985)).  The Court finds that defendant's fraudulent enrollment of a woman he knew was not his wife in the Plan weighs in favor of awarding prejudgment interest in the amount calculated by plaintiff.  Plaintiff calculates prejudgment interest to be $459.04. Dkt. # 7-12 ¶ 11, Ex. 4.

DEFAULT JUDGMENT

-2-

C.  Attorney's Fees and Costs

Finally, plaintiff requests an award of $9,965.00 in attorney's fees, or the equivalent of 111.2 hours at $275/hour, and $504.83 in costs under 29 U.S.C. § 1132(g).  Id., Ex. 3; Dkt. # 7 at 13-14.  Although counsel has provided a declaration and report of time spent on this matter, the Court finds that $9,965.00 is not a reasonable amount.  The Court finds that while this case involved a unique situation, the case was relatively straightforward, unopposed and did not require the work of five people.  Based on the Court's experience in situations like this, the Court finds that $3,000.00 is a reasonable amount for attorney's fees.

There is an adequate basis to enter default judgment in favor of plaintiff and against defendant Christopher Paz in the amounts of:

| | |
|---|---|
| Restitution | $13,523.51 |
| Prejudgment Interest | $459.04 |
| Attorney's Fees | $3,000.00 |
| Costs | $504.83 |

for a total of $17,487.38.

Dated this 11th day of January, 2013.

*MWS Lasnik* (signature)

Robert S. Lasnik
United States District Judge

DEFAULT JUDGMENT
-3-